HUGH M. ALCORN, STATE'S ATTORNEY,
ex rel. D. NORMAL MARKLEY

*vs.*

CHARLES J. BARTLETT ET ALS.

Superior Court        Hartford County        File No. 67582

MEMORANDUM FILED NOVEMBER 6, 1942.

*Joseph Blumenfeld,* of Hartford, for the Relator.

*Harry Brooks,* Assistant Attorney General, for the Respondents.

Memorandum of decision on demurrer to return.

O'SULLIVAN, J. From the alternative writ of mandamus it appears that the relator is a citizen and now a resident of the State of Pennsylvania but intends in good faith to reside permanently in Connecticut. He is of good moral character and professional standing as a physician and surgeon. He matriculated at the Royal College of Physicians-and Surgeons in Edinburgh, Scotland, in October, 1931, took the full five year medical course in the school of medicine in that institution, and was graduated therefrom in 1936. After passing the regular written examination, he was admitted to practice medicine in the State of New York by virtue of a license issued to him on October 7, 1937. The examination he successfully passed was of as high a grade and of the same kind as that required by the State Medical Examining Board, whose mem-

bership comprises the respondents, for those seeking a Connecticut license. On January 20, 1938, he passed the regular medical examination in Pennsylvania, and thereafter received a license to practice medicine in that state. The examination he there took was of as high a grade and of the same kind as that required by the Connecticut board. He has been in actual and continuous practice for five years in New York and Pennsylvania. Prior to June 16, 1941, he requested the Connecticut Medical Examining Board to accept the licenses he had already obtained elsewhere and to issue a certificate of approval of such licenses. He paid the secretary of the State board the required fee of 50 dollars. However, the board returned the money and refused to issue a certificate of approval or to examine him upon his professional knowledge.

The respondents' return to the alternative writ incorporates a second defense which alleges the following facts: The relator is not a graduate of a legally incorporated medical college; and the New York and Pennsylvania examinations were not of as high a grade and of the same kind as those required by the Connecticut Medical Examining Board in that the former did not require the relator to submit proof of his having first obtained a proper medical training in a legally incorporated and reputable college.

There are other allegations set forth in the defense but these may be ignored as, for the purpose of the demurrer which thereafter attacked this defense, they are legal conclusions.

The demurrer is short and reads as follows:

"1. Paragraphs 1, 2 and 5 thereof allege legal conclusions only, and no facts.

"2. The facts set out in paragraph 3 do not constitute a defense to the relief sought as the provisions of section 988e do not impose a compliance with section 2749 as a condition precedent to the issuance of the license.

"3. The facts set out in paragraph 4 do not constitute a defense because a compliance with section 2749 is not a requisite under the provisions of section 988e.

"4. The matters set forth in the Second Defense have already been adjudicated on motion to quash."

Of these reasons, only those marked 2 and 3 need be con-

sidered. Neither reason 1 nor 4 has any merit as a ground for sustaining the demurrer.

The legal controversy centers on the interpretation of section 988e of the 1939 Supplement to the General Statutes and section 2749 of the General Statutes, Revision of 1930, and finds expression in this query: Is it necessary for the relator to submit to the respondents a diploma from some legally incorporated and reputable medical college, as is required of those taking examinations in Connecticut, and if so, does the board still have the discretionary right to reject the New York and Pennsylvania licenses and to refuse to issue a certificate of approval of such licenses?

No person may practice medicine in Connecticut until he has received a certificate of registration issued by the State Department of Health. Ignoring a provision affecting a limited number, section 988e provides two methods by which a certificate of registration may be obtained. The first requires, among other things, the passing of an examination given by the medical board. Under this method, a condition precedent to the right to take the examination is that the candidate has previously received a diploma from a legally incorporated and reputable medical college.

The second method is established by the following provisions found in section 988e: The medical examining board "may accept the license of any state board of medical examiners of any state....in lieu of the examination herein provided for, provided the board before which such applicant shall appear shall find that such license shall have been issued upon an examination passed by such applicant of as high a grade and of the same kind as that required by such board."

These provisions dispense with the examination required under the first method and as the submission to the examining board of a diploma received from a legally incorporated and reputable medical college is a condition precedent merely to the right to take the examination, and as no examination is required under the second method, it is not necessary under the latter method, to present such a diploma.

That this was the legislative intention seems to be doubly assured by the fact that in 1941 the Assembly amended section 988e by the additional provision that under the second method an applicant must now submit to the examining board evi-

dence that he has received a diploma from one of certain approved schools of medicine. (Supp. [1941] §§477f, 478f.) In passing, it should be observed that the relator is not subject to the provisions of the Act of 1941, because that went into effect after he had applied for a certificate of approval. *Lewis' Sutherland, Statutory Construction* (2d ed. 1904) §642.

The respondents, however, urge that by the use of the word "may" in the Act, they are vested with a discretion to refuse to accept either the New York or Pennsylvania licenses.

It is often necessary to construe "may" as "shall" to carry out the legislative intent, which in the last analysis must govern all cases. The rule adopted in this State is that the word "may", in a statute, will be construed to mean "shall" whenever the rights of the public or of third persons depend upon the exercise of the power or the performance of the duty to which it refers. *Capobinco vs. Samorak,* 102 Conn. 310, 313.

In view of this rule, the respondents had no right to exercise a discretion, after all conditions required of the relator by the Act had been met.

Consequently, the demurrer is sustained on the second and third grounds.